O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Joe Piazza, Jr.**<br>　　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**Federal Bureau of Prisons et. al.,**<br>　　　　　**Defendants.**<br>_____ | CASE NO. CV 07-1202 DOC (CWx)<br><br>**O R D E R DENYING MOTION FOR RECUSAL** |

　　　Before the Court is a Motion for Recusal of Magistrate Judge Carla Woehrle filed by Plaintiff Joe Piazza Jr. ("Plaintiff") in the above-captioned case ("Motion for Recusal"). [Docket 110.] Pursuant to Local Rule 72-5, the request was referred to this Court for determination. The Court finds this matter to be appropriate for decision without oral argument. FED. R. CIV. P. 78; Local Rule 7-15. After considering the moving papers, and for the reasons set forth below, the Court hereby DENIES Plaintiff's Motion for Recusal.

**I.　BACKGROUND**

　　　Plaintiff filed a civil rights complaint against Defendants the Federal Bureau of Prisons ("Bureau"), the United States of America ("United States"), Officer Landy Cleaver ("Cleaver")

and Warden Linda Sanders ("Sanders") asserting claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1999) and the Federal Tort Claims Act. The case was referred to Magistrate Judge Carla Woehrle. [Docket 4.] In a motion filed on June 20, 2008, Sanders and the Bureau moved to dismiss Plaintiff's claims. [Docket 44.] Magistrate Judge Woehrle recommended that the motion to dismiss be granted. [Docket 72.] The Court adopted that recommendation on April 8, 2010, ordering all claims against Sanders and the Bureau dismissed. [Docket 80.] On August 31, 2010, Cleaver and the United States filed a motion for summary judgment. [Docket 90.] On December 27, 2010 Magistrate Judge Woehrle recommended that the motion for summary judgment be granted. [Docket 99.] The Court adopted Magistrate Judge Woehrle's recommendation on the motion for summary judgment and entered summary judgment in favor of these defendants on January 30, 2011. [Docket 101.] The Court further issued a Judgment on January 30, 2011, which read as follows:

> IT IS ADJUDGED that summary judgmnet is hereby granted in favor of Defendants Cleaver and the United States; and that this action is dismissed, for lack of subject-matter jurisdiction, with respect to Defendants Federal Bureau of Prisons and Warden Sanders in an official capacity.

[Docket 102.] With the filing of this Judgment, Plaintiff's case was closed.

On March 16, 2011, Plaintiff filed a Motion to Retax Costs, where he argued that the Clerk erred in awarding a Bill of Costs to Defendants because, in Plaintiff's view, his case was not yet closed. [Docket 108.] The Court denied Plaintiff's Motion to Retax Costs on April 5, 2011, explaining that the Judgment entered on January 30, 2011 had closed Plaintiff's case.

In the instant Motion for Recusal, Plaintiff advances many of the same arguments that he did in the Motion to Retax Costs. Specifically, Plaintiff argues that Magistrate Judge Woehrle issued a "fraudulent order" on February 23, 2011, when Magistrate Judge Woehrle refused to allow Plaintiff to file a motion entitled "Notice of Motion / Objection Due Process Violation: Case is not closed, there is a misinterpretation of the District Court's order" ("February 23 Order"). [Docket 107.] In her February 23 Order rejecting the motion, Magistrate Judge

1  Woehrle explained that Plaintiff's "action was closed by Judgment entered January 31, 2011."
2  [*Id.*] Plaintiff contends that Magistrate Judge Woehrle's February 23 Order indicates that
3  Magistrate Judge Woehrle is biased.

4  **II.    LEGAL STANDARD**

5  Section 455 provides that a federal judge shall "disqualify himself in any proceeding in
6  which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The section is
7  subject to an objective standard and recusal is appropriate when a knowledgeable member of the
8  public would reasonably question the judge's impartiality. *In re Boston's Children First*, 244
9  F.3d 164, 167 (1st Cir. 2001).  In addition, under 28 U.S.C. § 455(b), a judge shall disqualify
10 himself or herself "[w]here he [or she] has a personal bias or prejudice concerning a party, or
11 personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. §
12 455(b)(1).

13 **III.   DISCUSSION**

14 Plaintiff's Motion for Recusal must be denied.  Magistrate Judge Woehrle's impartiality
15 cannot reasonably be questioned.  In fact, Magistrate Judge Woehrle's remarks in her February
16 23 Order are entirely correct.  As the Court explained in its Order Denying Plaintiff's Motion to
17 Retax Costs, Judgment was entered and Plaintiff's case was closed on January 31, 2011. [*See*
18 Docket 109.]

19 **IV.    DISPOSITION**

20 In light of the above, Plaintiff's Motion for Recusal is DENIED.

22 IT IS SO ORDERED.
23 DATED: April 12, 2011

_____
DAVID O. CARTER
United States District Judge